ATTORNEY FOR THE RESPONDENT
Jeffrey S. Bate
Shelbyville, Indiana

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
Seth T. Pruden, Interim Executive Secretary
Laura Iosue, Staff Attorney
Indianapolis, Indiana



FILED
Jul 01 2010, 3:02 pm
CLERK
of the supreme court,
court of appeals and
tax court

## In the
## Indiana Supreme Court

No. 73S00-0812-DI-626

IN THE MATTER OF:

ANONYMOUS,

*Respondent.*

Attorney Discipline Action

**July 1, 2010**

**Per Curiam.**

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline. The Respondent's 1980 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. See IND. CONST. art. 7, § 4.

The Court approves the agreement and finds that Respondent engaged in attorney misconduct by employing a legal assistant whose incarceration made it impossible for Respondent to ensure that the assistant's conduct was compatible with Respondent's professional obligations to his client. For this misconduct, we find that Respondent should receive a private reprimand.

1

## Background

The State Public Defender assigned Respondent as an independent contractor to represent a client in a post-conviction relief ("PCR") proceeding. With the client's consent, Respondent entered into an agreement with a nonlawyer inmate in the same facility where the client was incarcerated under which the inmate would assist in researching and preparing a PCR petition for the client. In exchange, Respondent agreed to represent the inmate in his own PCR proceeding.

Respondent retained the inmate as an independent legal assistant who was not employed by a specific firm or lawyer. The inmate had limited access to communication, no expectation of privacy, and limited access to research resources. Respondent had limited ability to review the inmate's work. Respondent could not supervise the inmate and could not ensure that the inmate would be able to comply with the Rules of Professional Conduct. These events took place in 1998-1999. There was considerable delay in the submission of a grievance to the Commission, which filed a verified complaint against Respondent in 2008.

Facts in mitigation include: (1) Respondent has no disciplinary history; (2) he fully cooperated with the Commission; and (3) he has a good reputation in the area in which he practices.

## Discussion

Professional Conduct Rule 5.3, concerning an attorney's responsibilities regarding nonlawyer assistants, states:

> With respect to a nonlawyer employed or retained by or associated with a lawyer:
>
> . . . .
>
> (b) a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that **the**

2

**person's conduct is compatible with the professional obligations of the lawyer** . . . .

(Emphasis added.) Comment [1] to this rule provides:

> Lawyers generally employ assistants in their practice, including secretaries, investigators, law student interns, paralegals and other paraprofessionals. . . . **A lawyer must give such assistants appropriate instruction and supervision concerning the ethical aspects of their employment, particularly regarding the obligation not to disclose information relating to representation of the client**, and should be responsible for their work product. The measures employed in supervising nonlawyers should take account of the fact that they may not have legal training and are not subject to professional discipline.

(Emphasis added.)

The Court has provided guidelines to assist lawyers in their use of non-lawyer assistants, which provide in relevant part:

> **Introduction**
>
> Subject to the provisions in Rule 5.3, all lawyers may use non-lawyer assistants in accordance with the following guidelines.
>
> **Guideline 9.1. Supervision**
>
> A non-lawyer assistant shall perform services only under the direct supervision of a lawyer authorized to practice in the State of Indiana and in the employ of the lawyer or the lawyer's employer. **Independent non-lawyer assistants, to-wit, those not employed by a specific firm or by specific lawyers are prohibited.** A lawyer is responsible for all of the professional actions of a non-lawyer assistant performing services at the lawyer's direction and should take reasonable measures to insure that the non-lawyer assistant's conduct is consistent with the lawyer's obligations under the Rules of Professional Conduct.

(Emphasis added.)

In this case, Respondent's employment of an incarcerated legal assistant made it impossible for Respondent to supervise properly the assistant's work, to prevent client

3

confidences from being compromised, and to ensure that the inmate would be able to comply with the Rules of Professional Conduct.

## Conclusion

The Court concludes that Respondent violated Professional Conduct Rule 5.3. The parties propose the appropriate discipline is private reprimand. The discipline the Court would impose for Respondent's misconduct would likely be more severe had this matter been submitted without an agreement. The Court also notes that Respondent's misconduct occurred more than a decade ago and that his record in nearly 30 years of practice is otherwise unblemished. The Court therefore APPROVES and ORDERS the agreed discipline. For Respondent's professional misconduct, the Court imposes a private reprimand.

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to give notice of this opinion to the hearing officer and to the parties or their respective attorneys. The Clerk is further directed to post this opinion to the Court's website, and Thomson Reuters is directed to publish a copy of this opinion in the bound volumes of this Court's decisions.

All Justices concur.